# U. S. District Court
# Western District of Arkansas (Harrison)
# CIVIL DOCKET FOR CASE #: 3:12−cv−03131−PKH

| | |
|---|---|
| Stebbins v. Bradford, et al | Date Filed: 10/04/2012 |
| Assigned to: Honorable P. K. Holmes, III | Date Terminated: 07/05/2013 |
| Demand: $9,999,000 | Jury Demand: Plaintiff |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| David A. Stebbins | represented by | David A. Stebbins
123 W. Ridge, Apt. D
Harrison, AR 72601
870−743−4386
PRO SE |

V.

**Defendant**

**Wes Bradford**

**Defendant**

**State of Arkansas**

**Defendant**

**Boone County Circuit Court**

**Defendant**

**Gordon Webb**
*Chambers of*

**Defendant**

**David D. Stebbins**

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/04/2012 | 1 | | COMPLAINT against All Defendants, filed by David A. Stebbins.(lw) (Entered: 10/04/2012) |
| 10/04/2012 | 2 | | MOTION for Leave to Proceed in forma pauperis, MOTION for Service by David A. Stebbins. (lw) (Entered: 10/04/2012) |
| 10/04/2012 | | | MOTIONS REFERRED: 2 MOTION for Leave to Proceed in forma pauperis MOTION for Service. Motions referred to Honorable James R. Marschewski.(lw) (Entered: 10/04/2012) |

| | | | |
|---|---|---|---|
| 10/10/2012 | 3 | | DEMAND for Trial by Jury by David A. Stebbins. (src) (Entered: 10/10/2012) |
| 11/13/2012 | 4 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 12–3664, in the 8th Circuit Court of Appeals by David A. Stebbins. (Attachments: # 1 USCA Letter)(jn) (Entered: 11/13/2012) |
| 11/13/2012 | 5 | | JUDGMENT/MANDATE (USCA) RE PETITION FOR WRIT OF MANDAMUS denying 4 Petition for Writ of Mandamus Notice (USCA) filed by David A. Stebbins (Attachments: # 1 USCA Judgment)(jn) (Entered: 11/13/2012) |
| 02/06/2013 | 6 | 3 | REPORT AND RECOMMENDATIONS re 2 MOTION for Leave to Proceed in forma pauperis MOTION for Service filed by David A. Stebbins. Objections to RRdue by 2/25/2013. Signed by Honorable James R. Marschewski on February 6, 2013. (sh) (Entered: 02/06/2013) |
| 02/15/2013 | 7 | | OBJECTION to 6 Report and Recommendations by David A. Stebbins. (lw) (Entered: 02/15/2013) |
| 07/02/2013 | 8 | | MOTION to Disqualify Judge by David A. Stebbins. (lw) (Entered: 07/02/2013) |
| 07/05/2013 | 9 | 7 | ORDER ADOPTING 6 REPORT AND RECOMMENDATIONS with modifications. Further, Mr. Stebbin's Complaint is Dismissed with Prejudice as frivolous, as set forth. Signed by Honorable P. K. Holmes, III on July 5, 2013. (lw) (Entered: 07/05/2013) |
| 07/16/2013 | 10 | | NOTICE (USCA) that a PETITION FOR WRIT OF MANDAMUS has been filed as case number 13–2475, in the 8th Circuit Court of Appeals by David A. Stebbins. (jn) (Entered: 07/16/2013) |
| 07/16/2013 | 11 | 13 | NOTICE OF APPEAL as to 9 Order Adopting Report and Recommendations, Order on Motion for Leave to Proceed in forma pauperis, Order on Motion for Service, Order on Report and Recommendations, Order on Motion to Disqualify Judge by David A. Stebbins. (cc via U.S. Postal Service: David A. Stebbins ) (jn) (Entered: 07/16/2013) |
| 07/16/2013 | 12 | | MOTION for Leave to Appeal in forma pauperis by David A. Stebbins. (jn) (Entered: 07/16/2013) |
| 07/16/2013 | | | MOTIONS REFERRED: 12 MOTION for Leave to Appeal in forma pauperis. Motions referred to Honorable James R. Marschewski.(jn) (Entered: 07/16/2013) |
| 07/16/2013 | 13 | | APPEAL NOTICE to Counsel and Pro Se Parties re 11 Notice of Appeal, filed by David A. Stebbins. (jn) (Entered: 07/16/2013) |
| 07/25/2013 | 14 | 15 | ORDER granting 12 Motion for Leave to Appeal in forma pauperis.. Signed by Honorable James R. Marschewski on July 25, 2013. (lw) (Entered: 07/25/2013) |
| 07/25/2013 | 15 | 16 | NOA SUPPLEMENT FORM re 11 Notice of Appeal, filed by David A. Stebbins. (jn) (Entered: 07/25/2013) |

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                                    PLAINTIFF

      v.                                      CIVIL NO. 12-3131

WES BRADFORD; STATE
OF ARKANSAS; BOONE COUNTY
CIRCUIT COURT; GORDON WEBB;
and DAVID D. STEBBINS                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff has submitted a motion for leave to proceed *in forma pauperis* ("IFP")(Doc. 2). The case is before me for preservice screening under 28 U.S.C. § 1915. Under the provisions of the IFP statute, the Court is obligated to screen any complaint in which the Plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2).

### Discussion

The Court must determine whether Plaintiff should be granted IFP status. In addition to this case, Stebbins has filed the following cases and sought leave to proceed IFP:

    1. Stebbins v. Mid States Promotions, et al, Civil No. 10-3041    filed 5/10/10

    2. Stebbins v. University of Arkansas, et al., Civil No. 10-5125    filed 7/12/10

    3. Stebbins v. Full Sail University, Civil No. 10-3072    filed 8/4/10

    4  Stebbins v. Wal-Mart Stores, Inc. Civil No. 10-3086    filed 9/14/10

    5. Stebbins v. Full Sail University, Civil No. 10-3090    filed 9/27/10

    6. Stebbins v. Wal-Mart Stores, Inc., Civil No. 10-3123    filed 12/17/10

    7. Stebbins v. NET-ARB, Inc., Civil No. 11-3025    filed 3/29/11

    8. Stebbins v. Harp & Assoc. Real Estate Services, Civil No. 11-3029    filed 4/5/11

AO72A
(Rev. 8/82)

JUL 25 2013 p3

9.  Stebbins v. Kirkpatrick, Civil No. 11-3042               filed 6/16/11

10. Stebbins v. Legal Aid of Arkansas, Civil No. 11-3057    filed 7/20/11

11. Stebbins v. Hannah, et al., Civil No. 11-3058           filed 7/21/11

12. Stebbins v. Harp & Assoc. Real Estate Services, Civil No. 11-3078   filed 9/9/11

13. Stebbins v. Boone County, AR, et al., Civil No. 12-3022   filed 2/17/12

14. Stebbins v. Social Security Administration, Civil No. 12-3032   filed 3/8/12

15. Stebbins v. Marczuk, et al., Civil No. 12-3039          filed 3/19/12

16. Stebbins v. Stebbins, et al., Civil No. 12-3130         filed 10/4/12

In nine of these cases IFP was granted. In five of these cases IFP was denied. In one case the lawsuit was transferred out of Arkansas without the IFP being ruled on. IFP applications are currently pending in this case and in Civil No. 12-3131.

He has filed in excess of one hundred motions in these cases, six notices of appeal during the pendency of the cases, five petitions for writ of mandamus, and two writs of certiorari. Six of these cases have been dismissed prior to service of process; two were dismissed on summary judgment motion; and one case was dismissed on a motion to dismiss. Review of cases in the Public Access to Court Electronic Records (PACER) database indicates that Stebbins has also filed cases in other districts and has sought leave to proceed IFP in those cases. *See e.g, Stebbins v. Steen, et al.,* Civil No. 4:12-cv-00704 (E.D. Ark. Filed 11/8/2012); *Stebbins v. Google, Inc.*, Civil No. 5:11-cv-03876 (N.D. CA--filed 10/27/2011).

An indigent plaintiff must conform to the requirements of 28 U.S.C. § 1915 in requesting leave to proceed IFP, including his "representations of poverty, a statement of the case, and his belief that he is entitled to redress." *Coppedge v. United States*, 369 U.S. 438, 444 (1962).

These provisions apply to all IFP litigants.  Section 1915(e)(2) provides that the court may dismiss a case "at any time" if it determines that the complaint is frivolous or malicious or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

If a plaintiff has a long history of bringing unmeritorious litigation, the court can consider that fact in dismissing a claim. The Supreme Court has a long-standing policy to "discourage frivolous and malicious *in forma pauperis* filing 'particularly [from] those few persons whose filings are repetitive with the obvious effect of burdening the office of the Clerk and other members of the Court staff.'" *Zatko v. California*, 502 U.S. 16, 17 (1991)(internal quotation marks and citation omitted); *see also In re McDonald*, 489 U.S. 180 (1989).  For example, the Supreme Court held the filing of eleven writ of certiorari petitions in noncriminal matters in a two-year window, coupled with a history of such filings, constituted frivolous filing and precluded the plaintiff from such "abusive" future filings. *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 2 (1992).  Likewise, the Supreme Court denied leave to proceed *in forma pauperis* to a plaintiff who had filed and requested to proceed *in forma pauperis* thirty-five times over nine years. *Day v. Day*, 510 U.S. 1, 2 (1993).

From May 10, 2010, to October 4, 2012, Plaintiff has filed sixteen cases and asked to proceed IFP in each case.  Based on the sheer number of Plaintiff's filed cases and the clear policy of the Supreme Court to discourage such "abusive"voluminous filing, the undersigned concludes that Plaintiff's request to proceed IFP should be denied.

**Conclusion**

I therefore recommend that the motion to proceed IFP (Doc. 2) be denied and the case dismissed.  Further, I recommend that Clerk be directed not to accept any further cases from

Stebbins unless he pays the $350 filing fee.

**Stebbins has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Stebbins is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of February 2013.

/s/ *J. Marschewski*
   HON. JAMES R. MARSCHEWSKI
   CHIEF UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                                                       PLAINTIFF

v.                                        Case No. 3:12-CV-03131

WES BRADFORD; STATE OF ARKANSAS;
BOONE COUNTY CIRCUIT COURT; CHAMBERS
OF GORDON WEBB; and DAVID D. STEBBINS                                          DEFENDANTS

## O R D E R

Currently before the Court is the Report and Recommendations (Doc. 6) filed by Chief United States Magistrate Judge James Marschewski on February 6, 2013. Also before the Court are Plaintiff David Stebbins's timely-filed objections (Doc. 7).

The Magistrate recommends denying Mr. Stebbins's motion to proceed *in forma pauperis* and directing the Clerk not to accept future filings from Mr. Stebbins unless he pays the filing fee. Mr. Stebbins objects to the Magistrate's Report and Recommendations, arguing that Judge Marschewski erred in only considering his litigation history in recommending that Mr. Stebbins be denied *in forma pauperis* status. Mr. Stebbins argues that frivolity of a case should be determined based on each individual filing. The Court has conducted a *de novo* review concerning Mr. Stebbins's objections. 28 U.S.C. § 636(b)(1).

Mr. Stebbins undoubtedly has a right of access to the courts. However, his right of access, especially a right of free access, cannot be unlimited in the face of abuse. As the Eighth Circuit has stated:

> The Court has authority to control and manage matters pending before it . . . . [W]e must recognize that judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a

significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.

The most apparent effect of excessive litigation is the imposition of unnecessary burdens on, and the useless consumption of, court resources . . . . [A]busive litigation results in prolonged, repetitive harassment of defendants causing frustration and often extraordinary and unreasonable expenditures of time and money defending against unfounded claims.

Defendants have a right to be free from harassing, abusive, and meritless litigation. Federal courts have a clear obligation to exercise their authority to protect litigants from such behavior. The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits.

*In re Tyler*, 839 F.2d 1290, 1292-93 (8th Cir. 1988) (quoting *People of the State of Colorado v. Carter*, 678 F. Supp. 1484, 1486 (D. Colo. 1986)) (internal citations omitted).

Mr. Stebbins argues that a majority of the cases he has filed in this District have not been found to be frivolous upon initial review. This does not mean, however, that in the cases where Mr. Stebbins was granted *in forma pauperis* status, his claims were not frivolous.[1] The fact that Mr. Stebbins has previously been given leave to proceed *in forma pauperis* in certain cases merely means that his claims in those cases were not patently frivolous based on an evaluation of Mr. Stebbins's complaint alone and giving Mr. Stebbins every benefit of the doubt. The fact remains that Mr. Stebbins has not succeeded on the merits in any of the numerous cases he has filed in this District. Whether or not Mr. Stebbins made his filings based on his own good faith belief in their merits does not change the fact that he has a history of filing ultimately meritless cases upon which the Court has

---

[1] As in *Tyler*, Mr. Stebbins's extensive experience in filing lawsuits has equipped him with some knowledge of the law, and his skills in drafting are often sufficient to at least raise a question as to factual matters alleged that could constitute a claim, thereby preventing dismissal of the complaint as frivolous upon initial review. *Tyler*, 839 F.2d 1290, 1293.

been forced to expend countless hours of time and judicial resources. Not only has Mr. Stebbins filed numerous cases, but he has also filed over one hundred motions within those cases, some of which have been repetitive, and few of which have had any merit. Regardless of Mr. Stebbins's alleged good-faith intent in filing his various lawsuits, the fact remains that he has abused the system by continuing to file unmeritorious claims and motions. Mr. Stebbins's "history of unsubstantial and vexatious litigation is an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d)." *Maxberry v. Sec. and Exchange Comm.*, 879 F.2d 222, 224 (6th Cir. 1989).

Mr. Stebbins argues that the frivolity of each individual case must be considered before it can be dismissed as frivolous—that the Court cannot rely solely on Mr. Stebbins's history of abusive or frivolous filings in denying him *in forma pauperis* status. The Court disagrees. As the Eighth Circuit and other courts have stated, the Court has a responsibility to manage matters pending before it to safeguard the judicial system from abuses and to protect defendants from harassing litigation. The Court will nevertheless conduct an initial review of the merits of the instant matter, since courts generally have enjoined litigants from future action, and not contemporaneously with a particular filing.[2]

The Court finds, upon initial review of Mr. Stebbins's complaint, that Mr. Stebbins's claims should be dismissed as frivolous. 28 U.S.C. § 1915(e)(2). Mr. Stebbins's claims in the instant matter are patently frivolous and have no basis in fact. Mr. Stebbins complains that, when he went

---

[2] The Court does not believe, given Mr. Stebbins's litigation history and given that he had an opportunity to respond to the Report and Recommendations of the magistrate judge, that denying *in forma pauperis* status in the instant case based on his past abuses would necessarily be contrary to law. However, for the sake of argument, the Court entertains Mr. Stebbins's objection as to this point.

to the Boone County Circuit Court's Office of the Clerk to request copies of a portion of a civil action he filed, the clerks could not find the file to make copies. The clerks reasoned that perhaps the assigned judge had taken the file to look at it. When Mr. Stebbins happened to encounter the judge in the grocery store the next day, however, the judge denied having taken the file. Approximately two weeks later, Mr. Stebbins filed his complaint in this case, naming as defendants all the persons he suspects might have had a motive to take the file.

First, it is unclear what legal claim Mr. Stebbins is attempting to make. Second, Mr. Stebbins's complaint is based entirely on his suspicions and theories regarding what might have happened to the file. He alleges no actual facts that would substantiate a claim against any named defendant. Third, Mr. Stebbins merely claims that the clerks did not have the file in their office for him to make copies on the day he went in to request the file. He does not allege (other than implicitly theorizing) that the file was irretrievably lost or that he would be otherwise prevented from proceeding with his litigation. It is not even clear that the effect of the "lost" file could be known two weeks after Mr. Stebbins went in to request copies. Finally, it would seem most prudent for Mr. Stebbins to first seek redress for misplacement of a file in a state court civil case in the state court, before simply filing a lawsuit in federal court. The Court finds that Mr. Stebbins's complaint should be dismissed as frivolous.

As far as the Magistrate's recommendation that Mr. Stebbins be prevented from filing any future claims in this Court without payment of the filing fee, the Court refers to its Order (Doc. 10) filed in this Court in case number 12-03130, imposing certain conditions and restrictions on Mr. Stebbins's ability to file future claims in the Western District of Arkansas.

For the reasons set forth above, and having conducted a *de novo* review in regard to Mr.

Stebbins's objections to the Report and Recommendations, the Court hereby ADOPTS the Report and Recommendation (Doc. 6), with certain modifications in accordance with this Order.

**IT IS ORDERED** that Mr. Stebbins's motion for leave to proceed *in forma pauperis* (Doc. 2) is DENIED.

**IT IS FURTHER ORDERED** that Mr. Stebbins's Complaint is DISMISSED WITH PREJUDICE as frivolous.

The Court has also considered Mr. Stebbins's Motion to Disqualify Judge Marschewski, and possibly Judge Holmes, and finds that the motion should be denied. Mr. Stebbins argues that Magistrate Judge Marschewski has demonstrated an animus against him by entering the Report and Recommendations in this case and by recommending that Mr. Stebbins not be granted leave to proceed *in forma pauperis*. The Court cannot find that the Report and Recommendations are evidence of an animus held by Judge Marschewski against Mr. Stebbins. Rather, they are Judge Marschewski's recommendations to this Court based on his review of the applicable law. The findings and recommendations have now been largely adopted by the Court. The fact that Mr. Stebbins disagrees with or does not like Judge Marschewski's recommendations, or this Court's findings, does not create grounds for disqualification. Mr. Stebbins filed objections to the Report and Recommendations, which were duly considered by the Court.

**IT IS THEREFORE FURTHER ORDERED** that Mr. Stebbins's Motion to Disqualify (Doc. 8) is DENIED.

IT IS SO ORDERED this 5th day of July, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 16 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

DAVID A. STEBBINS            PLAINTIFF

VS.            CASE NO. 12-3131

WES BRADFORD,
STATE OF ARKANSAS
BOONE COUNTY CIRCUIT COURT,            DEFENDANT
CHAMBERS OF GORDON WEBB, AND
DAVID D. STEBBINS

## NOTICE OF APPEAL

Plaintiff David Stebbins, *pro se*, hereby submits the following Notice of Appeal in the above-styled action:

1. The Court abused its discretion in placing restrictions on my future lawsuit-filings.

2. The Court abused its discretion in refusing to recuse itself from the proceedings.

3. The Court erred in dismissing this action as frivolous.

So notified this 15th day of July, 2013.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com



IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID A. STEBBINS                                                             PLAINTIFF

     v.                         CIVIL NO. 12-3131

WES BRADFORD; STATE
OF ARKANSAS; BOONE COUNTY
CIRCUIT COURT; GORDON WEBB;
and DAVID D. STEBBINS                                                         DEFENDANTS

### ORDER

    Plaintiff has submitted a motion for leave to proceed *in forma pauperis* ("IFP")(Doc. 12) on appeal. The motion (Doc. 12) is granted.

    IT IS SO ORDERED this 25th day of July 2013.

/s/ *J. Marschewski*
   HON. JAMES R. MARSCHEWSKI
   CHIEF UNITED STATES MAGISTRATE JUDGE

# U.S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT

Please note any additions or deletions to the style of the case from the style listed on the docket sheet or attach an amended docket sheet with the final style of the case.

Western District of Arkansas  -  HARRISON  DIVISION

## 12-3131 DAVID A. STEBBINS  vs.  WES BRADFORD  et al.

| | | | |
|---|---|---|---|
| Length of Trial: | **NONE** | | |
| Financial Status: | Fee Paid? | Yes | No **XX** |
| | If NO, has IFP been granted? | Yes **XX** | No |
| | Is there a pending motion for IFP? | Yes | No |
| Are there any other post-judgment motions? | | Yes | No **XX** |

Please identify the court reporter.

    If no court reporter, please check  **XXXXX**

    Name
    Address

Telephone Number

**CRIMINAL CASES ONLY:**
    Is the defendant incarcerated?                                   Yes   No
Place of confinement, if known:

Please list all other defendants in this case, if there were multiple defendants.


SPECIAL COMMENTS: