# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

**DAVID A. STEBBINS**                                                                  **PLAINTIFF**

**VS.**                          **CASE NO. 13-2689**

**WES BRADFORD,**
**STATE OF ARKANSAS**
**BOONE COUNTY CIRCUIT COURT,**                         **DEFENDANT**
**CHAMBERS OF GORDON WEBB, AND**
**DAVID D. STEBBINS**

## MOTION FOR PRELIMINARY INJUNCTION

Comes now, *pro se* Appellant David Stebbins, who hereby submits the following motion for preliminary injunction, asking for an immediate restoration of Appellant's right of access to the courts.

## BACKGROUND

1. The District Court, on July 3, 2013, entered an order forbidding Appellant from filing any more than one *pro se* lawsuit per calendar year, and only if he posts a $100 refundable bond which is outside of Appellant's budget. That order is one of the issues which is brought up for appeal here.

2. Appellant is currently preparing his Appellant brief for this appeal. A copy of what he currently has written is hereto attached as Exhibit A.

3. However, while this appeal is pending, the District Court has proceeded to use this order to block Appellant's court access, even to the extent that the order itself does not apply. For example, …

    (a) Judge P.K. Holmes refused to allow an amendment to a preexisting complaint – which was itself filed before the entering of the order spoken of in Paragraph #1 of this motion – despite Appellant being plainly entitled to do so under Fed. R. Civ. P. 15(a),

claiming that it must be filed in a completely new case, even though the order restricting Appellant's court access did not include this notion.  See Exhibit B.

(b) Magistrate Judge James R. Marchewski entered a recommendation suggesting that Appellant not be allowed to file any appeal at all *in forma pauperis*, even though the Order spoken of in Paragraph #1 of this motion did not purport to even touch Appellant's right to appellate court access.  See Exhibit C.

4. Appellant seeks a preliminary injunction from this Court immediately reinstating Appellant's full right of access to the Courts until this appeal, and the appeal contained in Case No. 13-2687 are completed and a mandate issued therewith.

## ARGUMENT

5. For the reasons set forth below, the relief requested in Paragraph #4 of this motion should be granted.

### Applicable law

6. This motion is controlled by the precedent of *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008), which sets forth the criteria for preliminary injunctions:

> "A [party] seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

7. Appellant will take each of these four elements and satisfy them one by one.

### Likely to succeed on the merits.

8. Notice that the criterion is that the Appellant is *likely* to succeed on the merits, not *guaranteed* to succeed.  If he had to be *guaranteed* success, he would not be moving for preliminary injunction; he would be moving for summary judgment.

9.	Appellant has attached his current draft of his briefing as Exhibit A. As this Court can see, he makes clear, coherent, and good faith arguments that are well-grounded in fact. Even if this Court were to ultimately disagree with him, it is clear that Appellant is not simply incompetent at making legal arguments; rather, if the Court ultimately disagrees with him, it is because the law is one on which reasonable persons will actually differ. After all, as stated in the attached draft, the Supreme Court has consistently had dissenting opinions, which necessarily means that reasonable minds are going to differ on this issue.

10.	Of course, that only means that it is *possible* for Appellant to succeed on the merits. The *Winter* case states that a party must be *likely* to succeed on the merits.

11.	However, keep in mind that Appellant has made a variety of arguments which make sense and are well-grounded in fact and preexisting law. Combine this with the strong public policy in favor of court access, which requires courts to prospectively restrict court access only after much deliberation and thought[1], means that the District Court's decision should only be affirmed in the presence of overwhelming evidence, something the District Court is not likely to provide.

12.	For this reason, Appellant is likely to succeed on the merits.

**Likely to suffer irreparable harm**

13.	As set forth in Paragraph #3, the District Court has starting to go on a power trip in order to deny Appellant access to the Courts in total, even to the extent that it is not covered by the order explained in Paragraph #1.

14.	Appellant's ability to bounce back from the prejudice which he has already suffered at the hands of these judges is already going to take a lot of work and a lot of time. However, with these judges' animus against Appellant so clear and obvious, this is now time that Appellant simply does not have.

---
1 Many of the Supreme Court precedents

15.     At this point, it is abundantly clear that, unless immediate action is taken, by the time a final decision on this case is reached, the District Court judges will have committed similar atrocities about a dozen other times when they get the chance.

16.     These injuries, simply by nature of them being caused by judges, automatically makes them "irreparable."  Simply by nature of these actions being taken by judges, that means that the offending parties cannot be made to compensate their victims.  See Stump v. Sparkman, 435 US 349 (1978).  Therefore, the only way to protect a person's interests against a pair of malicious judges is to prevent the harm from happening in the first place, and for that, Appellant needs a preliminary injunction.

### Balance of equities is in Appellant's favor.

17.     Appellant had to do a  little research in order to figure out just what this phrase meant.  Judging from the remainder of the *Winter* case, it appears as if the Supreme Court meant that this element should be resolved in favor of the party who has the most to lose.  For example, on Page 378 of that opinion, the High Court found that the balance of equities favored the nonmovant in that case, since the movant could theoretically go anywhere to study marine life, but to risk the lives of an entire crew of antisubmarine troops by putting inadequately trained sailors was simply an unacceptable risk, not even "for science."

18.     Here, the balance of equities clearly favors Appellant.  Appellant has a fundamental right to access the courts.  That is a *fundamental* right, which means that preserving it is, in and of itself, a compelling governmental interest.

19.     The District Court claims that Appellant has wasted "judicial resources," but you have to understand … there are a lot of resources to waste.  Even if Appellant is wasting judicial resources, one man is simply not capable of singlehandedly breaking the Court's finances, all by

himself.  Not even by a long shot.  Even if this Court agrees with the District Court that Appellant has wantonly abused the legal system, the District Court is clearly in a much better position to absorb the resources than Appellant is.

20.     Therefore, the "balance of equities" is clearly in Appellant's favor.  Even if Appellant is indeed abusing the legal system, what's a few more months worth of that in exchange for protecting what could very possibly be a legitimate exercise of his First Amendment rights?  The federal judiciary routinely receives funding from Congress in excess of $45 billion (that's *billion*, with a B); to say that one man is capable of mowing through that kind of budget all by himself is nothing short of laughable, and it's insulting to Appellant's intelligence.

### This injunction is in the public interest.

21.     Again, access to the courts is a fundamental right.  If it's a fundamental right, then it is in the public interest.  Because protecting fundamental rights *is* the government's top priority.  It's what government was designed for in the first place.  Remember, in the United States' Declaration of Independence, one of the truths which was held to be self-evident was that "governments are instituted among men" for the express purpose "to secure these [certain inalienable] rights."

22.     The public interest, therefore, requires that a person's right to court access be accommodated and protected until he can have a fair and impartial determination of whether or not he has abused it.

### CONCLUSION

23.     To wrap up this motion, let us recap the points.

   (a)     The District Court has engaged in wanton power trips in an attempt to close the courthouse doors to Appellant, altogether, not just to prevent an abuse of the legal system.

(b) Appellant is highly likely to succeed on the merits in this appeal, since restrictions on court access has historically required extreme levels of abuse that Appellant does not come even remotely close to meeting.

(c) The District Court's wanton power tripping which is not even kept within the scope of their order restricting Appellant's future court access amounts to irreparable harm, as if the order itself was not bad enough.

(d) Even if ends up being decided that Appellant is an abuser of the legal system, keeping his right of access to the courts alive for just a little while longer, long enough to actually be certain about it, is greatly preferable over the mere paper cut on judicial resources that only one man is capable of inflicting.

(e) Because court access is a fundamental right, keeping it available to a citizen until you can be certain that an abuse has taken place is in the public interest.

24. Wherefore, premises considered, Appellant respectfully requests that this motion for preliminary injunction be granted. So requested this 27th day of September, 2013.

> /s/ David Stebbins
> David Stebbins
> 123 W. Ridge St.,
> APT D
> Harrison, AR 72601
> 870-204-6516
> stebbinsd@yahoo.com