IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                                              PLAINTIFF

v.                                        Case No. 3:13-CV-03068

RHONDA WATKINS, Boone County Circuit Clerk;
and STATE OF ARKANSAS                                                                            DEFENDANTS

**O R D E R**

Currently before the Court is the Report and Recommendation (Doc. 6) filed in this case on September 4, 2013, by the Honorable James R. Marschewski, Chief United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Plaintiff's objections (Doc. 9).[1] For the reasons stated below, the Court ADOPTS the Report and Recommendation and finds that Plaintiffs' motion (Doc. 2) for leave to proceed *in forma pauperis* and for service should be denied.

The Court has conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), as to Mr. Stebbins's objections, and finds as follows:

Mr. Stebbins's claims for damages and relief in this case is improper as he should have first looked to the state courts for relief, as found by the Magistrate. Arkansas allows for orders to be issued directing public officials to act when they have a duty to do so. The Arkansas Supreme Court has held that "mandamus is an appropriate remedy when a public officer is called upon to do a plain and specific duty, which is required by law and which requires no exercise of discretion or official judgment." *Clowers v. Lassiter*, 363 Ark. 241, 244 (2005). Mr. Stebbins "is in the wrong legal

---

[1] A notice of deficiency has been sent out regarding Plaintiff's objections, finding the objections to be deficient as they are unsigned. For purposes of expediting this matter, the Court will overlook the deficiency and consider the objections.

system, seeking the wrong relief. Perhaps his lack of counsel in the state litigation is responsible. [Mr. Stebbins's] status as a legal amateur does not, however, excuse his failure to take the steps provided or required by the judicial system. His ignorance of the right way to proceed certainly does not support an award of damages against a clerk of court." *Snyder v. Nolen*, 380 F.3d 279, 292 (7th Cir. 2004) (J. Easterbrook, concurring) (finding that no claim for access to the courts was stated because appellant had available recourse in state court system and citing to Illinois mandamus law) (reasoning adopted by *Maness v. Dist. Court of Logan County—Northern Div.*, 495 F.3d 943, 945).

This decision should in no way be seen as binding on the state court. The Court in no way expresses an opinion that it believes that Mr. Stebbins should be entitled to any relief he seeks, or may have sought, in state court. Indeed, Mr. Stebbins's pleadings are insufficient to allow for any meaningful review of the merits of Mr. Stebbins underlying claim. Without reviewing the state court's orders or Mr. Stebbins's state court complaints or affidavits to proceed *in forma pauperis*, the Court has no way of analyzing whether Mr. Stebbins might be able to state a claim for relief in state court. The Court can only find that he has not stated a claim for relief that is cognizable in this Court.

The Court finds, after careful review, that Mr. Stebbins's objections offer neither law nor fact requiring departure from the report and recommendation of the Magistrate. The report and recommendation will therefore be adopted in full.

Also before the Court is Mr. Stebbins's motion (Doc. 8) to amend the complaint or to merge cases. The Court declines to allow Mr. Stebbins to amend his complaint to state an entirely new claim. Any new claims will have to be made through the filing of a new complaint in accordance with the restrictions this Court has previously imposed on Mr. Stebbins. As this matter is subject

to dismissal, the Court also declines to consolidate this case with Mr. Stebbins's current case against Boone County. Furthermore, the two cases do not and did not involve common questions of law or fact sufficient to warrant consolidation.

For all the reasons set forth above, IT IS ORDERED that the Report and Recommendation (Doc. 6) is ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* and for service is DENIED. Plaintiff's claims are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants who are immune from such relief.[2]

IT IS FURTHER ORDERED that Plaintiff's motion (Doc. 8) to amend complaint or in the alternative to merge cases is DENIED.

IT IS SO ORDERED this 19th day of September, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[2] To the extent that Plaintiff seeks injunctive relief, he seeks relief in the wrong court.

-3-