UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DAVID A. STEBBINS                                                                        PLAINTIFF

VS.                                        CASE NO. 13-2689

WES BRADFORD,
STATE OF ARKANSAS
BOONE COUNTY CIRCUIT COURT,                                              DEFENDANT
CHAMBERS OF GORDON WEBB, AND
DAVID D. STEBBINS

## PETITION FOR PANEL OR ENBANC REHEARING

Comes now, *pro se* Appellant David Stebbins, who hereby submits the following Petition for rehearing, either panel or *en banc*.

### FRAP 35(b)(1) Compliance Statement

1. As required by Fed. R. App. P. 35(b)(1)(B), Appellant asserts that this proceeding presents a question of exceptional importance if it involves an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue. Specifically, it conflicts with the United States Courts of Appeals for the 9th[1] and 7th[2] Circuits on the following question:

> "When dismissing a complaint pursuant to 28 U.S. Code § 1915(e)(2), must the District Court allow an opportunity to amend the complaint before dismissing with prejudice unless it is apparent that the defect cannot be cured by amendment?"

2. In addition to this, rehearing *en banc* is necessary to maintain uniformity in this Courts' decisions, as the panel ruled inconsistently with the precedent of Fusco v. Xerox Corp., 676 F. 2d 332, 334 (8th Cir. 1982) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

---
1 Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987)
2 Donald v. Cook County Sheriff's Dept., 95 F. 3d 548, 555 (7th Cir. 1996)

# REASONS FOR REHEARING

3.      On February 4, 2014, this Court entered an order affirming the pre-service dismissal of a complaint without any comment.  Rather than give a per curiam opinion on the matter, the panel saw fit to affirm under Local Rule 47B, which essentially means that they are taking the District Court's reasoning and adopting it verbatim.

4.      Neither this court nor the District Court cited any precedent in support of its logic.  This suggests that this is a novel issue in this Court, and yet, the panel saw fit to order that it not be published opinion.

5.      The panel in this case overlooked the important legal question of whether a plaintiff, as a matter of due process, must be given opportunity to amend his complaint if the only deficiency is vagueness.  This is an important question of federal law, regarding a crucial part of procedural due process.

6.      The panel also erroneously declined to review the decision of the District Court to deprive Appellant of court access.  The panel reasoned that said decision was part of a different case, and yes it was.  However, it was part of this case as well; it was part of *both* Case No. 12-3130 *and* Case No. 12-3131.  The reports & recommendations of the Magistrate Judge, as well as the per curiam opinions adopting them, for *both* cases clearly demonstrate a decision to get Appellant out of the courthouse and out of their hair.

7.      How does Appellant know this?  Because the Report & Recommendations from the magistrate judge in both cases are, word for word, exactly the same, and because the per curiam opinions from Judge Holmes in both cases are – to the extent that they concern Appellant's prospective lack of court access – also the exact same verbatim.

8.      This does not necessarily mean that the Court could theoretically issue contrary rulings. If

a decision is rendered in one case, it should carry over to the other under the doctrine of *res judicata*, but the Court nevertheless has flexibility in which case to issue the ruling on.

9. Because that portion of the appeal is properly before the Court as a matter of right, the Court must issue a ruling on it. The only excuse the Panel could have for not ruling on it is that they know they will have to reverse the decision, and since they hate Appellant the same as the District Court does, they wish to delay that inevitable ruling for as long as possible.

**CONCLUSION**

10. As the Court can clearly see, the Panel has acted in a malicious and biased manner, providing no explanation whatsoever for their affirming of the District Court's clearly-agenda-driven dismissal of Appellant's complaint (proving that they simply don't care), and refusing to consider an appeal, despite there being absolutely no grounds whatsoever for them to possibly base there decision that the case lacked subject-matter jurisdiction.

Wherefore, premises considered, Appellant requests that this case be re-heard. So requested on this 18th day of February, 2014.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com